## Ex Parte Figueroa.

### Appeal from the District Court of San Juan.

No. 41.—Decided May 12, 1904.

Dominion Title—Possession to Acquire Same—Prescription.—In order to acquire the ownership of real property by ordinary prescription, it is necessary to prove the time of the petitioner's possession or that of his predecessor in interest, as well as whether or not he is in possession of the property under title, and if so, the nature of such title.

### STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of San Juan by Juan Figueroa y Campos, to obtain a declaration of ownership of a rural estate, which case is pending before us on an appeal taken by the petitioner from the judgment rendered by the aforesaid district court, which reads as follows:

"Porto Rico, March 9, 1903. Juan Figueroa y Campos, a resident of Carolina, of legal age, and a widower and landowner, filed a petition setting forth that he has been in possession and has been the owner for over six years of a rural estate situated in *barrio* 'Carrasas' within the municipal district of Carolina, consisting of 40 *cuerdas* of third-class land, equal to 15 hectares, 72 ares and 16 centares, bounded on the east by lands belonging to Gregorio Austú, Erutaño Soler and the brook known as 'Naranjo;' on the south by lands belonging to Gervasio Pirano; on the north, by lands belonging to Rosendo Rivera and the aforesaid brook; and on the west, by the brook known as 'Quebrada Grande de Macuto.' Said estate is valued at three hundred dollars and was acquired by pur-

dicho terreno trescientos dollars y habiendo adquirido dicho terreno por compra á Isaías Mundo, José Rodríguez, Toribio Quiñones y Victoriano García, los cuales han fallecido, ignorándose si dejaron sucesión alguna; y que careciendo de título promovía este expediente ofreciendo prueba testifical.

*Resultando*: que oido el Ministerio Fiscal y hecha citación de los anteriores dueños y nó de los colindantes, siguióse el juicio con las formalidades prevenidas en el artículo 395 de la Ley Hipotecaria.

*Considerando*: que segun manifiesta el promovente es de estado viudo, y no justificándose haberse liquidado la sociedad conyugal de gananciales, ni que adquiriera después de viudo dicho inmueble, no es posible hacerse á su favor la declaratoria de dominio que se interesa.

No ha lugar á declararse á favor del recurrente el dominio del inmueble descrito en el primer resultando. Lo acordaron y firman los Sres. del Tribunal y certifico. Juan Morera Martínez, Frank H. Richmond, José Tous Soto. Luis Méndez Vaz.''

*Resultando*: que contra la expresada sentencia interpuso apelación la representación del promovente la que le fué admitida libremente y en ambos efectos, y que elevados los autos á esta Superioridad, con citación y emplazamiento de las partes, y personada la apelante, se dió al recurso la tramitación correspondiente, y se señaló día para la vista, á la que sólo asistió el Sr. Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante: *Sr. Ginorio (Emigdio S.).*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

El Juez Presidente, Sr. Quiñones, después dé exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Resultando* además que los testigos Don Cristino Diaz y Mundo y Mariano Hernández y Hernández y Don José Mederos Corujo presentados por el promovente, declararon que era cierto, y les constaba de ciencia propia, que su presentante es dueño en pleno dominio de la finca rústica de que se trata en el presente informativo, habiéndola adquirido por

chase from Isaías Mundo, José Rodríguez, Toribio Quiñones, and Victoriano García, who are now dead, and it is not known whether they left any estate. As he had no title he instituted these proceedings and offered to produce the evidence of witnesses.

"After hearing the Department of Justice and citing the former owners, but not the occupants of the adjoining estates, the hearing was had with the formalities prescribed by article 395 of the Mortgage Law.

"The petitioner, according to his statement, is a widower, and inasmuch as it has not been shown that the conjugal partnership had been liquidated, nor that the petitioner acquired the property after becoming a widower, the declaration of ownership applied for can not be made. A declaration of ownership in favor of the petitioner of the estate described in the first finding of fact hereof is denied. Thus it was decided and signed by the judges of the court, to which I certify. Juan Morera Martinez, Frank H. Richmond, José Tous Soto.—Luis Méndez Vaz."

From the foregoing judgment counsel for the petitioner took an appeal, which was allowed for review and a stay of proceedings. The record was forwarded to this Supreme Court, with citation of the parties, and the appellant having appeared, the appeal was conducted under the proper procedure. A day was set for the hearing, at which only the *Fiscal* of this Supreme Court was present, who opposed the appeal.

*Mr. Ginorio (Emigdio S.)*, for appellant.

*Mr. del Toro, Fiscal,* for the People.

Mr. Chief Justice Quiñones, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact of the judgment appealed from are accepted.

Moreover, the witnesses Cristino Díaz y Mundo, Mariano Hernández y Hernández, and José Mederos Corujo, produced by the petitioner, declared that it was true and they knew of their own knowledge that the petitioner is the absolute owner of the rural estate referred to in these proceedings, he having acquired the same by purchase from Isaías

compra á Isaías Mundo, José Rodríguez, Toribio Quiñones y Victoriano García.

*Considerando*: que apreciada la prueba ofrecida por el promovente Don Juan Figueroa y Campos, y que se reduce á las declaraciones de los tres testigos expresados, no es posible accederse á la declaratoria de dominio que solicita, toda vez que los testigos no acreditan el tiempo de posesion que lleva el promovente, ni el que poseyeran sus causantes, ni si poseía ó no con título, y en caso afirmativo cual fuera este, requisito necesario para probar la adquisición del dominio de un inmueble por la prescripción ordinaria, ó sea de menos de treinta años.

Vistos el artículo 395 de la Ley Hipotecaria, la Orden Judicial de 4 de abril de 1899 y los artículos aplicables al caso, del antiguo Código Civil y del vigente.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada en cuanto por ella se resuelve no haber lugar á declararse á favor del recurrente el dominio del inmueble descrito en el primer resultando, con las costas á su cargo.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.

Mundo, José Rodríguez, Toribio Quiñones and Victoriano García.

After considering the evidence offered by the petitioner Juan Figueroa y Campos, and which reduces itself to the testimony of the three witnesses mentioned, the declarations of ownership applied for cannot be made, inasmuch as the witnesses have not established the period of time of petitioner's possession, nor that of his predecessors in interest, nor whether he possessed under title or not, and if so, the nature of said title, which requisites are necessary in order to prove the acquisition of ownership of an estate by ordinary prescription, namely, not less than thirty years.

In view of article 395 of the Mortgage Law, Judicial Order of April 4, 1899, and such articles of the old Civil Code and sections of the one now in force, as are applicable to the case, we adjudge that we should affirm and do affirm the judgment appealed from, in so far as it denies a declaration of ownership in favor of the appellant of the estate described in the first finding of fact, and impose costs upon the appellant.

Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.